## H. O. Huot *vs.* Harold C. Osler, Admr.

### DECEMBER 16, 1922.

Present:   Sweetland, C. J., Vincent, Stearns, and Sweeney, JJ.

*(1)   Pleading.   Action Against Administrator.*

In an action against X. administrator of Y. where the declaration containing the common counts alleged that defendant was indebted to plaintiff and a promise by defendant to pay, with no allegation of any dealings either with intestate or his estate or any indebtedness of the estate, there is no basis for any judgment against the estate and the words "administrator &c" are simply *descriptio personæ,* and can properly be treated as surplusage.

*(2)   Principal and Agent.   Pleading.*

An agent who has an interest in the proceeds of the sale is entitled to sue in his own name.

Assumpsit.   Heard on exception of plaintiff and sustained.

Stearns, J.   The action is in assumpsit to recover the price of certain car loads of hay sold to the defendant and was begun by a writ of attachment of the defendant's

property. In the writ defendant is described as "Harold C. Osler, of Providence, administrator of the estate of Lemuel J. Osler, late of Providence deceased, doing business as Eastern Hay Company."

Plaintiff had been engaged in the wholesale hay and straw business since 1905 and for a number of years until February 1919, had done business with Lemuel J. Osler, who was the proprietor of a business which he carried on under the name of the Eastern Hay Company. Lemuel J. Osler died February 7, 1919, and on the 18th of February his son, the defendant Harold C. Osler, was appointed administrator of his estate. Harold C. Osler continued to conduct the business at the same location and under the same trade name; he never received any authority from the Probate Court to continue the business nor has any transfer or sale of such business ever been made to him. Plaintiff had sold several orders of hay to Harold C. Ostler after the death of defendant's father. On May 17, 1921, plaintiff's salesman sold to Harold C. Osler one car load and on May 20th three car loads of hay. These cars were shipped from Boston by the firm of Buker & Dills to the firm of Donovan & Co. in Providence, who refused to accept the same. Thereupon Buker & Dills telegraphed to plaintiff and asked him to dispose of the cars for them. A part of the hay (four car loads) was sold to defendant Osler. Attached to the bills of lading on the four cars were four drafts which plaintiff paid to the Railroad Company and thereupon secured possession of the hay and delivered it to defendant. Plaintiff claimed that he acted as a commission merchant in the transaction and commission was charged by him to Buker & Dills for his services. The defendant testified that he continued the business after his father's death as an individual and that he was the sole proprietor and owner of the business; that he understood that plaintiff was selling the hay for Buker & Dills but that he did not consider that he owed Buker & Dills for the goods. The trial justice non-suited the plaintiff on the ground that the suit was one not

against the defendant individually, but against the estate of Lemuel J. Osler and that the preliminary steps had not been taken to authorize suit against the estate. The propriety of this action of the trial justice is the sole question now raised by the plaintiff's bill of exceptions.

(1)    The direction of the nonsuit was error. The declaration, which contains only the customary common counts, alleges that the defendant was indebted to the plaintiff for the price of the goods sold and a promise by defendant to pay plaintiff therefor. . There is no allegation of any dealings either with Lemuel J. Osler or his estate or any indebtedness of the estate and consequently there is no basis for any . judgment against the estate. The case in this aspect is similar to and is governed by the decision in *Gilbane* v. *Hawkins*, 29 R. I. 502. The words in the writ "administrator," etc., are simply *descriptio personæ;* they are unnecessary in this, an action against defendant as an individual, and can properly be treated as surplusage.

Defendant in his argument before this court seeks to uphold the granting of the nonsuit on the ground alleged, that plaintiff was a naked agent and as such was not entitled (2) to bring suit in his own name. No authority is cited to sustain this claim which is not supported by the evidence. Without attempting to define the exact relation between the plaintiff and the firm of Buker & Dills and even assuming that plaintiff was simply an ordinary agent, nevertheless he was an agent who had an interest in the proceeds of the sale and as such he was entitled to sue in his own name. (See 21 R. C. L. 903 and 31 Cyc. 1621, with cases cited therein.) In the case at bar the alleged principal has made no objection to the suit and the authorities generally support the right of the agent in such a case to sue in his own name.

The exception of plaintiff is sustained and the case is remitted to the Superior Court for further proceedings.

*Archambault & Archambault,* for plaintiff.
*Christopher J. Brennan,* for defendant.